WILLIAM LAIGHT, JOHN JACOB ASTOR, and PETER SMITH, appellants, *v.* JOHN MORGAN, impleaded with J. D. and 33 other defendants; 1 J. C. 429–436.

S. C. 2 Caines C. E. 344.

### Discovery ; Relief ; General Demurrer.

THIS was a bill by the appellants, complainants below, substantially similar to the foregoing, setting forth a title to a part of the same lands, under the executors of Sir William Johnson, and stating the same facts in relation to the loss or destruction of the deeds, and setting forth that defendants Morgan, &c., the complainants had commenced two actions of ejectment against two of the defendants, which were at issue. That many of the witnesses were old, infirm, &c., and lived out of the state, &c., and not likely to live long. The bill prayed that the complainants might be quieted in their possession, and that they might have their witnesses examined, in order to perpetuate their testimony, and that they might be otherwise relieved, as the nature of their case might require.

To this bill, Morgan, and each of the other defendants demurred separately, assigning the same causes of demurrer:—

1, 2. Because there was no affidavit that the deeds were not in the complainants' power, of which they sought a dis-

covery, nor of the age of the witnesses, whose testimony was wanted.

3. Fecause the prayer to perpetuate testimony, and for general relief, could not be joined in the same bill.

4. Because it appeared by the bill that the parties executing the releases and conveyances to Sir William Johnson, were out of possession, and their deeds therefore void.

5. Because it charges the defendants with holding under persons having a pretended title, and a discovery would therefore subject them to a penalty.

6. Because the complainants had not established their title at law, before coming to be quieted in their possession by a court of equity.

7. That the matter of the complainants' title is triable at law, &c.

The Chancellor, as in the preceding case, allowed the demurrers of all the defendants and made the same decree as to costs as in the preceding case. On appeal to this court,

The Court of Errors, Kent, J., delivering the opinion of the court, reversed the decree.

Kent, J. The bill appears to have had three objects.

1. To obtain a discovery of facts from the defendants.

2. To perpetuate the testimony.

3. To obtain specific relief.

Upon the demurrer to the whole bill, seven causes were assigned.

He then states that: "the three last were assigned in the same words in the similar case of *Leroy* v. *Veeder*, decided at the last session of this court, and by that decision are to be deemed as overruled. The fourth cause of demurrer was abandoned by the counsel for the respondents, upon this argument, as untenable. If the third cause be not equally so, it is perhaps not material in the present case, since, as I shall presently show, the decision of this cause finally depends upon this single point, viz.; If *any part* of the bill requires an answer, is a demurrer to the bill good ?"

1. He then considers to what objects, if any in the bill, an affidavit was necessary; and 2. If not for every object, whether the demurrer to the whole bill, for want of such affidavits, was maintainable. He shows that in respect to one

object—the discovery—the bill did not require an affidavit, and in respect to the other two, viz., the examination of witnesses and the relief, it did require one; and then whether for the want of an affidavit to such parts, a demurrer to the whole bill, was maintainable, and he holds that it was not.

The Court was *unanimously* of that opinion and the same decree of *reversal* was made as in the foregoing case, *with costs of appeal to be taxed,* &c.